[No. B192378. Second Dist., Div. One. June 29, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH E. SMITH, Defendant and Appellant.

## COUNSEL

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VOGEL, J.**—Kenneth E. Smith was convicted by plea of one count of committing a lewd act on a minor (his 13-year-old stepdaughter), a registerable sex offense. (Pen. Code, §§ 288, subd. (a), 290.)[1] A three-year state prison sentence was imposed and suspended, and probation was granted with the usual conditions, including that he obtain employment approved by his probation officer and obey all of the probation department's regulations. When Smith learned from his probation officer that the Los Angeles County Probation Department has a regulation prohibiting "any [section] 290 offender" from leaving the county for any purpose, Smith asked the trial court for an order permitting him to leave the county on a day-to-day basis when required by his employer, explaining that he would return to his Lancaster home every evening. The prosecutor and the probation officer objected, claiming it would be more difficult to "monitor" Smith outside the county and

---

[1] All section references are to the Penal Code.

insisting the regulation was reasonably related to Smith's offense. The trial court agreed, finding a valid basis "for not allowing a probationer to freely travel out of the county [and instead] having a tight rein on someone who has been convicted of this type of offense." As we will explain, the trial court's failure to consider Smith's particularized needs in approving the probation department's mass treatment approach does not serve either of the goals of probation, public safety or rehabilitation. We reverse and remand for further proceedings.

## DISCUSSION

### A.

Smith's conviction is based on a negotiated no contest plea. Probation (five years) was granted at his January 2006 sentencing hearing, at which time the court ordered Smith to attend various classes and programs, to follow all of the probation department's regulations, and to maintain employment approved by his probation officer.

In March, Smith (who at all relevant times has been gainfully employed as a driver or dispatcher) appeared in court to ask the court for assistance because "his probation forbids him to leave the county on a day-to-day basis for purposes of employment." He explained that he would continue to live in his Lancaster home, and "would simply be traveling outside the county and returning in the evening." He said his employer needed him to be able to drive out of the county. He said he had asked his probation officer, who told him he "had to put it before the court himself."

At a hearing held later the same day, the probation officer explained that, since November of 2005, the Los Angeles County Probation Department "policy on any [section] 290 offender is not to allow him out of the County of Los Angeles." When defense counsel questioned the policy as it applied to Smith—who *could* drive 95 or more miles from his Lancaster home to Long Beach but could *not* drive 25 miles from his home to Mojave or, apparently, "have lunch in Rosamond, . . . which is only about ten miles north of here," the probation officer responded, "[Section 290 offenders] are not to leave the County of Los Angeles. Period."

The trial court rejected defense counsel's claim that the condition was unreasonable and said it would not consider Smith's request so soon after

sentence had been imposed, in part because the court had not yet received a report about Smith's compliance with the other terms and conditions of his probation.

### B.

In May, Smith filed a formal motion for modification of the terms of probation to allow him to travel to "neighboring counties for the purposes of employment," contending the probation department's regulation had no relationship to his crime or to the prevention of future criminality, and that it was up to the court, not the probation department, to set the terms of probation.

At the hearing on Smith's motion, the prosecutor (referring to off-the-record discussions with the probation officer) claimed the condition is necessary because it is difficult for the probation department to "monitor" Smith outside the county. In response, defense counsel pointed out that Smith was not monitored on a day-to-day basis and offered to have Smith notify his probation officer whenever he was required to leave the county and again upon his return.

The court denied Smith's request, finding a valid basis "for not allowing *a* probationer to freely travel out of the county [and instead] having a tight rein on *someone* who has been convicted of this type of offense." (Italics added.) In context, it is clear that the court's order is based only on Smith's crime and the probation department's regulation (hence the references to "a" probationer and "someone" convicted of this type of offense), not on any factors relevant to Smith's employment or Smith's conduct on probation.

### C.

■ Conditions of probation must foster rehabilitation and protect public safety. (§ 1203.1; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67].)[2] Trial courts have broad discretion in this context, and may impose reasonable conditions determined to be fitting and proper to the end that justice may be done, that amends may be made to society and to the victim of the probationer's crime, and for the reformation

---

[2] Subdivision (j) of section 1203.1 authorizes the trial court to "impose and require any . . . reasonable conditions . . . as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ."

and rehabilitation of the probationer. (*Carbajal* at pp. 1120–1121.) Although broad, the trial court's discretion is not without limits, and a condition must both serve a purpose specified in section 1203.1, and be " 'reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*Carajal*, at pp. 1120–1121, quoting *People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545].)[3] As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious, or exceeds the bounds of reason, all of the circumstances being considered. (*People v. Carbajal, supra,* 10 Cal.4th at p. 1121.)

■ Probation conditions restricting a probationer's exercise of his constitutional rights are upheld only if narrowly drawn to serve the important interests of public safety and rehabilitation, *and* if they are "specifically tailored to the individual probationer." (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1084 [22 Cal.Rptr.2d 893].) ■ Smith has a constitutional right to intrastate travel (*In re White* (1979) 97 Cal.App.3d 141, 148 [158 Cal.Rptr. 562]; and see *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1100 [40 Cal.Rptr.2d 402, 892 P.2d 1145]) which, although not absolute, may be restricted only as reasonably necessary to further a legitimate governmental interest (*In re White, supra,* 97 Cal.App.3d at pp. 149–150).

■ The defendant in *White,* convicted of soliciting an act of prostitution, challenged a probation condition that banned her from certain areas of "prostitution activity," claiming it was unreasonably harsh and restrictive because she was unable to use a bus depot and other services in that area. (*In re White, supra,* 97 Cal.App.3d at p. 144.)[4] The Court of Appeal found the blanket prohibition unreasonable, noting that there was no direct relationship between the commission of prostitution and the exercise of the right to travel, explaining: "While White's reasonable expectations regarding association and travel have necessarily been reduced, the restriction should be regarded with skepticism. If available alternative means exist which are less

---

[3] *Lent* put it this way: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' (*People v. Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent, supra,* 15 Cal.3d at p. 486, fn. omitted.)

[4] The defendant in *White* was arrested when she was found in the prohibited area and again charged with solicitation of prostitution. Her probation was revoked. (*In re White, supra,* 97 Cal.App.3d at p. 144.)

violative of the constitutional right and are narrowly drawn so as to correlate more closely with the purposes contemplated, those alternatives should be used . . . . No case has been called to our attention upholding such a broad condition which completely prohibits mere presence in a geographical area *at all times* as contrasted with the prohibition of entry into selected and particularized places (such as bars, pool rooms and the like) with reasonable restrictions as to time. [¶] Limitations as to times in which a defendant has legitimate business or legitimate reason to be in a particular area or a prohibition as to working therein have been upheld [citations]; on the other hand a condition that a defendant not enter a county without authorization in advance was condemned as unduly harsh [in an out-of-state case]." (*Id.* at p. 150.)

The *White* court did not strike the condition but remanded with directions to the trial court to either modify the condition (with a laundry list of suggestions about how that might be done) or eliminate it, explaining that the "manifest goals of probation and the need for individualistic treatment compels the imposition of special probation conditions framed to meet the particular needs of each individual case. Particularized conditions of probation should be directed toward rehabilitation rather than reliance upon some general condition which utilizes a mechanized mass treatment approach." (*In re White, supra*, 97 Cal.App.3d at pp. 150–151.)

## D.

Although Smith's registerable sex offense is more serious than soliciting prostitution (§§ 288, subd. (a), 647, subd. (b)), the fundamental concepts expressed in *White* must be applied here. When they are, it becomes apparent that the trial court's order is constitutionally infirm.

First and foremost, no consideration was given to Smith's circumstances. The probation department's blanket prohibition applies to all registered sex offenders without regard to their performance on probation or to the reason they might need to leave the County of Los Angeles. It is the precise opposite of the particularized condition of probation contemplated by *White*. (*In re White, supra*, 97 Cal.App.3d at pp. 150–151.) No consideration at all was given to Smith's right to an opportunity to work (cf. *Gay Law Students Assn. v. Pacific Tel. & Tel. Co.* (1979) 24 Cal.3d 458, 470 [156 Cal.Rptr. 14, 595 P.2d

592]) or, under the terms of his probation, his obligation to do so. Public safety and Smith's rehabilitation both benefit from his steady employment.[5]

Second, the prohibition bears no reasonable relation to the crime. While we agree with the Attorney General that the purpose of the *registration statute* is to promote the state's interest in preventing recidivism by sex offenders (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101]), it does not follow that the prohibition against out-of-county travel for any period of time and for any reason is (as the Attorney General suggests) " 'at least an attempt to be a meaningful deterrent' " to recidivism by restricting Smith's "opportunities to move about without being monitored." How? It is undisputed that Smith is *not* monitored on a day-to-day basis. He is registered as required by section 290 (and does not seek any relief that would affect his registration obligations), but he is not required to wear any kind of tracking device or suffer any similar limitation on his daily movements. As we said, there is no reasonable relationship between the crime and the condition.[6]

Third, we consider it significant that Smith has *not* violated the ban against out-of-county travel. Instead, he realized there was a conflict between the probation department's regulation and his job duties, and twice sought relief from the court (the first time without a lawyer so that one was appointed for him that day). When his requests were denied, he continued to comply with the strict terms of his probation. This ought to count for something. (See fn. 4, *ante*.)

We agree with *White* that the appropriate remedy in these circumstances is to permit the trial court to fashion a less restrictive ban on out-of-county travel than that imposed by the probation department's regulation but subject to whatever specific travel limitations the court finds are appropriate in this case or, in the alternative, to eliminate the travel restriction with regard to Smith's work.

---

[5] The fact that Smith's employer had not yet terminated his employment because of his restricted travel conditions does not mean that it could not happen in the future or that it has not happened during the pendency of this appeal.

[6] It is worth noting that all of the conditions of Smith's probation, including any travel restrictions, will terminate upon his successful completion of probation—whereas his registration obligations will continue for the rest of his life. Nothing in section 290 prevents a registered sex offender from leaving the county in which he is registered as part of his work.

## DISPOSITION

The order denying Smith's request for modification of the probation condition prohibiting out-of-county travel is reversed and the cause is remanded to the trial court with directions to fashion a less restrictive limitation based on Smith's particularized circumstances or, in the alternative, to eliminate the travel restriction with regard to Smith's work.

Mallano, Acting P. J., and Rothschild, J., concurred.