Filed 9/20/13  In re R.K. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re R.K., a Person Coming Under the Juvenile Court Law. | B245680 <br> (Los Angeles County Super. Ct. No. YJ36876) |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> R.K., <br><br> Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Wayne C. Denton, Juvenile Court Referee.  Affirmed as modified.

Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Roberta L. Davis, Deputy Attorney General, for Plaintiff and Respondent.

_____

Sixteen-year-old appellant R.K. appeals from an order declaring him a ward of the juvenile court after a finding that he committed battery in violation of Penal Code section 242. Appellant was ordered home on probation on various terms and conditions, including condition number 12 that he "not be within one block of any school ground unless enrolled, attending classes, on approved school business, or with school official, parent or guardian." Appellant contends that probation condition number 12 is impermissibly vague for failing to include a knowledge element, unreasonably violates his right to travel, and is not reasonably related to the offense. We conclude the condition should be modified to include a knowledge element. Appellant has forfeited his remaining contentions for failure to raise them below.

Therefore, we modify the probation condition and otherwise affirm the order of wardship.

## FACTS AND PROCEDURAL BACKGROUND

In 2012, appellant lived with his parents and younger brother, H.K., who was 14 years old. On the morning of August 3, 2012, appellant argued with his mother, who had disposed of his marijuana. Appellant wanted $50 so he could buy more, but his mother refused.

When the argument began to escalate, H.K. intervened by stepping between them. H.K. told appellant to stop yelling at their mother, which prompted H.K. and appellant to yell at each other for several minutes. Appellant then pushed H.K., and H.K. pushed him back. Appellant put H.K. into a headlock and struck him in the shoulder. H.K. pushed appellant away, ran outside with his mother, and called the police.

On August 6, 2012, a petition was filed pursuant to Welfare and Institutions Code section 602 alleging that appellant had committed battery in violation of Penal Code section 242. The juvenile court sustained the petition at an adjudication hearing held on October 9, 2012.

2

The probation officer's report noted that appellant takes medication for his bipolar disorder. Approximately four years earlier, appellant met new friends at school, became disrespectful to his parents, began using marijuana, and was suspended from school. He has been in therapy, runs away and stays out all night, and is uncontrollable. He has been physically and verbally abusive to both of his parents. Most recently, he has been home schooled through an online school. The probation officer recommended a year of probation under several conditions, including condition number 12.

The juvenile court declared appellant a ward of the court and imposed the conditions of probation, including condition number 12, without objection. On December 7, 2012, appellant filed a timely notice of appeal.

## DISCUSSION

### Standard of Review

A juvenile court "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (Welf. & Inst. Code, § 730, subd. (b).) "A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile. [Citation.] That discretion will not be disturbed in the absence of manifest abuse. [Citation.]" (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.)

### Vagueness

Appellant contends the lack of a knowledge element makes probation condition number 12 impermissibly vague. While the behavior that the condition proscribes is unambiguous, we agree appellant's normal activities could result in him unknowingly

3

and innocently being within one block of a school, which theoretically would constitute a probation violation. Appellant's fear that the trial court might unreasonably interpret the condition or punish an inadvertent violation of the condition is easily remedied by altering the condition to include a knowledge element.

Accordingly, we hold that the condition should be modified so that it includes a knowledge element.


## Right to Travel


Appellant contends probation condition number 12 unconstitutionally infringes upon his right to travel. Respondent argues that this contention has been forfeited for failure to raise it in the juvenile court. We agree that the contention has been forfeited.

"[G]iven a meaningful opportunity, the probationer should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*In re Sheena K*. (2007) 40 Cal.4th 875, 889.) A constitutional challenge to a probation condition may be raised for the first time on appeal when it presents a pure question of law resolvable without reference to the record developed during trial. (*Ibid*.) In this case, it is undisputed that appellant did not object to probation condition number 12 at the disposition hearing. Appellant had an opportunity to object when the judge read all of the applicable probation conditions aloud, and his failure to do so constitutes forfeiture.

Appellant's constitutional challenge does not raise a pure question of law. "Probation conditions restricting a probationer's exercise of his constitutional rights are upheld only if narrowly drawn to serve the important interests of public safety and rehabilitation, *and* if they are 'specifically tailored to the individual probationer.' [Citation.]" (*People v. Smith* (2007) 152 Cal.App.4th 1245, 1250.) We cannot determine if the condition inappropriately restricts appellant's right to travel without a factual explanation from appellant, on the record, as to how the condition results in a

4

constitutional violation as applied to his circumstances.  This is the type of case-specific information that is only found in the record.  The imposition of this condition is not "[a]n obvious legal error at sentencing that is 'correctable without referring to factual findings in the record[.]'" (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 887; *People v. Smith* (2001) 24 Cal.4th 849, 852.)  The record in the present case is silent as to how appellant would be adversely affected by the probation condition.

In contrast, *People v. Smith*, *supra*, 152 Cal.App.4th at page 1245 involved a probation condition that barred the defendant from leaving Los Angeles County.  The condition was often imposed on a defendant convicted of a sex offense.  The defendant's job required him to leave the county on a regular basis, but the trial court refused to modify the order.  The appellate court reversed, concluding that the condition impermissibly infringed upon the defendant's constitutional right to intrastate travel.  While the condition was facially valid, it failed to take into consideration the defendant's specific circumstances, which made it invalid as applied to that particular defendant.

Similarly, the defendant in *In re White* (1979) 97 Cal.App.3d 141 was convicted of soliciting an act of prostitution.  The defendant successfully challenged a probation condition that banned her from certain areas of "prostitution activity" by arguing that it was unreasonably restrictive because, among other reasons, the ban precluded her from using a bus depot and other basic services in that area.  (*Id.* at p. 144.)

The existence or extent of infringement on appellant's constitutional rights by probation condition number 12 is an issue that requires analysis of the facts of appellant's individual situation.  It is not a pure question of law.  Appellant was required to object to the condition at trial; because he did not, he forfeited the right to raise the issue on appeal.

**Reasonableness**

Appellant contends his commission of a battery against his brother within his home is not reasonably related to probation condition number 12, and the condition is

5

therefore invalid.  Respondent claims appellant forfeited this contention by not objecting in the juvenile court.  We again agree with respondent that appellant's contention was forfeited.

Generally, the failure to object to the reasonableness of a probation condition at trial constitutes a forfeiture of the claim on appeal.  (*People v. Welch* (1993) 5 Cal.4th 228, 237.)  Appellant failed to object on reasonableness grounds at trial.  Since we cannot evaluate the reasonableness of this probation condition without examining the application of the condition to appellant's individual circumstances, it is not a pure issue of law.  Having failed to raise the issue before the juvenile court, appellant forfeited his right to challenge the condition on appeal.

Even if we were to find the contention had not been forfeited, the probation condition is reasonable under the circumstances of this case.  While broader than that of an adult court, the juvenile court's discretion in formulating probation conditions is subject to restrictions.  (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100.)  Juvenile probation conditions must be judged by the same three-part standard applied to adult probation conditions under *People v. Lent* (1975) 15 Cal.3d 481, 486:  the condition must relate to the crime committed, must not make illegal conduct that is not in itself criminal, and must not forbid conduct not reasonably related to future criminality.  (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.)  "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*In re Sheena K., supra,* 40 Cal.4th at p. 890.)

Viewing the record in the light most favorable to the judgment, appellant has a significant drug problem, demonstrated by his extreme reaction to his mother's disposal of his marijuana and his insistence that his mother give him money to replace the drugs.  He reacted in a sufficiently aggressive manner that his younger brother saw fit to intervene, at which point appellant resorted to violence.  One can infer this was not a trivial incident, since H.K. was moved to call the police to report his own brother.

Moreover, according to the probation report, appellant's drug problem began after he met new friends at school. He was suspended from school. Appellant is being home schooled, so he has no apparent reason to be on or near school campuses.

A reasonable judge could conclude that a minor with a drug problem, who is willing to use violence on a young person to get his way, should not be near a school campus unless enrolled or otherwise properly on the campus. Some schools in particular are locations where drugs are bought and sold, and where fights are more prevalent than other places. A condition of probation which keeps a minor away from a location where trouble is reasonably foreseeable is valid under *People v. Lent, supra,* 15 Cal.3d at page 486, particularly in the juvenile delinquency setting.

## DISPOSITION

Condition of probation condition number 12 is modified to provide as follows: "Do not *knowingly* be within one block of any school ground unless enrolled, attending classes, on approved school business, or with school official, parent or guardian." As modified, the order is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.

7