Opinion
RICCIARDULI, J.
I. INTRODUCTION
Defendant Vahe Aleksanyan solicited a police officer posing as a street-walking prostitute to engage in a sexual act in exchange for money, and was arrested while walking with her toward her motel room. He appeals the *Supp. 4 judgment of conviction following a jury trial of soliciting another person to engage in an act of prostitution (Pen. Code, § 647, subd. (b)).
Defendant contends the judgment should be reversed because (1) there was insufficient evidence to support the conviction; (2) the court erred in failing to instruct the jury with CALCRIM No. 358; (3) the court incorrectly answered a jury question; (4) the prosecutor committed misconduct during closing argument; (5) irrelevant and inflammatory testimony was erroneously admitted at trial; (6) the combination of errors rendered his trial fundamentally unfair; and (7) two of his probation conditions were invalid and should be stricken. As discussed below, we reject each of the contentions, and affirm the judgment in its entirety.
II. FACTS*
III. DISCUSSION
A.-R*
G. Probation Conditions
The trial court suspended imposition of sentence, and placed defendant on probation for 36 months on various conditions. Defendant contends the following two conditions were invalid: “Do not engage or offer to engage in sexual activity in a public place or a place open to the public or exposed to public view. [][] Do not rent, register, occupy, or be present in any motel or hotel room unless it is your actual residence and registered or rented to you in your true name.” Defendant contends the conditions are unreasonable under People v. Lent (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545] (Lent), the former condition is unconstitutionally vague, and the latter violates his constitutional right to travel.
We agree with defendant the vagueness and right to travel contentions are not forfeited by failure to object in the trial court because they involve pure questions of law, undisputed facts, and facial constitutional challenges. (See In re Sheena K. (2007) 40 Cal.4th 875, 889 [55 Cal.Rptr.3d 716, 153 P.3d 282]; Hale v. Morgan (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d *Supp. 5 512].) We decide constitutional issues de nova (Vo v. City of Garden Grove (2004) 115 Cal.App.4th 425, 433 [9 Cal.Rptr.3d 257]). The contention that the court abused its discretion under Lent by imposing unreasonable conditions of probation is forfeited because defendant’s attorney did not object to the conditions in the trial court. (People v. Welch (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802]; People v. Rodriguez (2013) 222 Cal.App.4th 578, 585 [166 Cal.Rptr.3d 187].) We analyze the constitutionality of each of the conditions in turn.

Sexual activity in public

The court barred defendant as a condition of probation from engaging or offering to engage in sexual activity in a public place, or a place open to the public, or exposed to public view.
Regarding the constitutionality of the condition, “[a] probation condition ‘must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,’ if it is to withstand a challenge on the ground of vagueness. [Citation.]” (In re Sheena K., supra, 40 Cal.4th at p. 890.) The “underpinning of a vagueness challenge is the due process concept of ‘fair warning.’ [Citation.] The rule of fair warning consists of ‘the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders’ [citation] . . . .” (Ibid.)
Defendant maintains the condition was vague because the term “sexual activity” can be broadly defined to encompass, according to a Wikipedia entry cited by defendant, a wide variety of behavior, such as conduct intended to arouse the sexual interest of another, like holding hands and kissing in public. We do not consider Wikipedia to be a sufficiently reliable source of authority. (See In re Marriage of LaMoure (2011) 198 Cal.App.4th 807, 826 [132 Cal.Rptr.3d 1]; see also Crispin v. Christian Audigier, Inc. (C.D.Cal. 2010) 717 F.Supp.2d 965, 977, fn. 19 [collecting cases questioning the reliability of Wikipedia entries].)
“When attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word. [Citations.]” (Wasatch Property Management v. Degrate (2005) 35 Cal.4th 1111, 1121-1122 [29 Cal.Rptr.3d 262, 112 P.3d 647].) While the words “sex,” “sexual,” and “activity” are defined in the dictionary, there is no definition for the term “sexual activity.” (See, e.g., Oxford Dictionaries Online (2014) <http://www.oxforddictionaries.com/definition/english/sex>; <http://www.oxforddictionaries.com/definition/english/sexual>; <http://www. oxforddictionaries.com/definition/english/activity> [as of Nov. 5, 2014].) Instead of the dictionary, we rely on the definition of the conduct underlying *Supp. 6 prostitution, i.e., engaging in sexual intercourse or any lewd act between persons. (See People v. Hill (1980) 103 Cal.App.3d 525, 534 [163 Cal.Rptr. 99].) Defining “sexual activity” in this manner is appropriate because it pertains to the same crime for which defendant was placed on probation— soliciting another person to engage in an act of prostitution (Pen. Code, § 647, subd. (b)). It is also appropriate because the definition is “ ‘sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated [Citation.]” (In re Sheena K., supra, 40 Cal.4th at p. 890.)
The term “sexual intercourse” has a specific meaning which clearly communicates to defendant what is proscribed: “Sexual intercourse means any penetration, no matter how slight, of the vagina or genitalia by the penis.” (CALCRIM No. 1000, italics omitted [defining term for purposes of rape; Pen. Code, § 261]; accord, People v. Dunn (2012) 205 Cal.App.4th 1086, 1097 [141 Cal.Rptr.3d 193]; People v. Karsai (1982) 131 Cal.App.3d 224, 232 [182 Cal.Rptr. 406], disapproved on other grounds in People v. Jones (1988) 46 Cal.3d 585, 600, fn. 8 [250 Cal.Rptr. 635, 758 P.2d 1165].) “Lewd” has been defined both for purposes of prostitution-related crimes and for the offense of committing a lewd act in public (Pen. Code, § 647, subd. (a)) as “ ‘the touching of the genitals, buttocks, or female breast for the purpose of sexual arousal [or] gratification . . . .’ [Citation.]” (People v. Hill, supra, 103 Cal.App.3d at p. 534, fn. omitted.) Using this definition preserves the constitutionality of the probation condition because, as explained by the Court of Appeal, the definition delineates the term “lewd” “in a well defined, limited manner so as to make the . . . [term] satisfy constitutional standards of specificity” and prevent the condition of probation “from being unconstitutionally vague.” (Ibid.) This definition also allays defendant’s concern regarding the sweep of the probation condition because the definition recognizes that “the varieties of sexual expression are almost infinite . . . ,” and avoids banning “all sexually motivated public conduct, for such a sweeping prohibition would encompass much innocent and nonoffensive behavior.” (Pryor v. Municipal Court (1979) 25 Cal.3d 238, 256 [158 Cal.Rptr. 330, 599 P.2d 636].)
Defendant was thus provided “fair warning” not to engage in, or offer to engage in, “sexual activity,” meaning sexual intercourse or any lewd act between persons, in a public place or a place open to the public, or exposed to public view. A court could readily determine whether defendant violated this condition of probation. In sum, the “core due process requirement of adequate notice” (In re H.C. (2009) 175 Cal.App.4th 1067, 1071-1072 [96 Cal.Rptr.3d 793]) was satisfied.

*Supp. 7
Hotel and motel room occupancy

The court barred defendant as a condition of probation from renting, registering, occupying, or being present in any motel or hotel room “unless it is his actual residence” and it is registered or rented by him in his name.
We reject defendant’s argument that “actual residence” means a place where defendant is domiciled or where he permanently lives. We construe the condition in a way that comports with the language it uses and which renders it valid. (See People v. Turner (2007) 155 Cal.App.4th 1432, 1436 [66 Cal.Rptr.3d 803]; In re Justin S. (2001) 93 Cal.App.4th 811, 816 [113 Cal.Rptr.2d 466].)
We are guided by the definition of “residence” used in connection with the registration of sex offenders living as transients: “ ‘[Residence’ means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there . . . .” (Pen. Code, § 290.011, subd. (g).) Use of this definition is appropriate because it specifically includes hotels and motels (see Pen. Code, § 290.011, subd. (g)), and it has been held to not be unconstitutionally vague (see People v. Gonzales (2010) 183 Cal.App.4th 24, 37-38 [107 Cal.Rptr.3d 11]). Also, the definition accounts for the specific behavior the court in this case sought to regulate — use of hotels or motels to engage in sexual activity with street-walking prostitutes.
With respect to the constitutionality of the probation condition, a person has the constitutional right to interstate and intrastate travel. (Tobe v. City of Santa Ana (1995) 9 Cal.4th 1069, 1100 [40 Cal.Rptr.2d 402, 892 P.2d 1145]; In re White (1979) 97 Cal.App.3d 141, 148 [158 Cal.Rptr. 562].) A person’s right to travel, “although not absolute, may be restricted only as reasonably necessary to further a legitimate governmental interest [citation].” (People v. Smith (2007) 152 Cal.App.4th 1245, 1250 [62 Cal.Rptr.3d 316].) “A probation condition that imposes limitations on a person’s constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]” (In re Sheena K., supra, 40 Cal.4th at p. 890.) “[W]here an otherwise valid condition of probation impinges on constitutional rights, such conditions must be carefully tailored, ‘ “reasonably related to the compelling state interest in reformation and rehabilitation ....’” [Citations.]” (People v. Bauer (1989) 211 Cal.App.3d 937, 942 [260 Cal.Rptr. 62].) “The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant’s constitutional rights — bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.” (In re E.O. (2010) 188 Cal.App.4th 1149, 1153 [115 Cal.Rptr.3d 869].)
*Supp. 8 The hotel/motel room condition is directly related and closely tailored to defendent’s rehabilitation because it limits the places where he can engage in sexual activity with prostitutes. Further, the burden the condition imposes on defendant’s right to travel is not severe. He may travel and stay at hotels and motels, so long as he regularly resides therein, and the location is registered or rented to him using his true name. He may be present at other people’s houses and apartments when he travels, even without regularly residing there. Moreover, the condition places no restrictions on the vacation rental of apartments or houses. In sum, limiting a defendant’s use of a motel or hotel in order to make it more difficult for him to engage in prostitution-related sex acts is a legitimate governmental interest, and the present condition is reasonably necessary to further the interest.
IV. DISPOSITION
The judgment is affirmed.
Kumar, Acting P. J., and Johnson, J., concurred.
On December 2, 2014, the opinion was modified to read as printed above.

See footnote, ante, page Supp. 1.