Filed 2/11/26

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br>v.<br><br>JEREMY MANUEL FLORES,<br><br>          Defendant and Appellant. | A171602<br><br>(Alameda County Super. Ct. No. 24-CR-005102B) |

After pleading no contest to felony possession of fentanyl for sale, Jeremy Flores was sentenced to two years of formal probation with a condition permitting warrantless searches of Flores's electronic devices.  On appeal, Flores asks us to strike or alternatively modify the electronics search clause as unconstitutionally overbroad and unreasonable.  Rather than directly address Flores's arguments, the Attorney General proposes "a minor modification," which he claims would "moot" Flores's appeal.  Because Flores used electronic devices to coordinate the sale and to obscure his identity during negotiations, we reject both parties' proposed modifications and affirm the electronics search clause in its entirety.

## BACKGROUND

After responding to an advertisement for the sale of fentanyl pills posted on "an online Classifieds forum" (craigslist.com), an undercover police officer negotiated the purchase of 1,000 fentanyl pills for $2,400 "via text

message."[1]  Using "law enforcement databases," police discovered the phone number the seller provided to the undercover officer "was assigned to a voice over internet [protocol] (VOIP) subscriber."  VOIP is "an internet-based" program that "can be downloaded on any phone" and is "commonly use[d]" by "people involved with illicit controlled substance sales . . . to hide their identities."

After a "records check" revealed that Flores's California driver's license had been suspended or revoked, police officers made contact with Flores as the driver of a Toyota Camry and his passenger on October 26, 2023.  A subsequent probable cause search uncovered "approximately 991 fentanyl pills" in the pocket of Flores's passenger.

Flores was in possession of a cell phone, which he confirmed belonged to him.  When the undercover officer texted and called the phone number he had been communicating with to coordinate the fentanyl purchase, Flores's "phone was alerted of the text message and phone call."

In May 2024, Flores and his passenger, who is not part of this appeal, were charged with felony possession of fentanyl for sale (Health & Saf. Code, § 11351; count 1) and felony sale or offer to sell fentanyl (*id.*, § 11352, subd. (a); count 2); both counts further alleged enhancements for "a large quantity of contraband."  (Cal. Rules of Court, rule 4.421(a)(10).)

In August 2024, after "extensive negotiations" between the parties, Flores agreed to plead guilty or no contest to felony possession of fentanyl for sale (count 1) and admit as true the large quantity enhancement.[2]  Under the

---

[1] We take our facts from the probation report prepared in advance of sentencing.  In his opening brief, Flores does not provide "a summary of the significant facts."  (Cal. Rules of Court, rules 8.204(a)(2)(C), 8.360(a).)

[2] Flores's counsel stipulated to a factual basis for the plea pursuant to *People v. Palmer* (2013) 58 Cal.4th 110, 118, which held that "the trial court

plea agreement, Flores was to be placed on two years of felony probation with six months of electronic monitoring and would be subject to a "four-way search clause," permitting searches of Flores's person, property, vehicle, and residence. Flores also entered an *Arbuckle* waiver, agreeing to be sentenced by a different judge. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 757 [defendants are "entitled to be sentenced" by the judge who accepts their plea or alternatively "should be permitted to withdraw [their] plea"].)

In its presentencing report, the probation department "concur[ed] with the plea agreement" but recommended "a five-way search clause to include all electronic devices, and supply passwords upon request due to [Flores] using his cell phone to negotiate the sale of illicit controlled substances." The report indicated that at the time of the offense, Flores had been on formal probation in Merced for possession of a controlled substance for sale (Health & Saf. Code, § 11351), and that Flores admitted to using fentanyl and a prior gang affiliation.

At the September 11, 2024 hearing, the sentencing court adopted the terms of the plea agreement, suspended imposition of sentence, and placed Flores on felony probation for two years with six months of electronic monitoring, as negotiated. Consistent with the recommendation of the probation department but over defense counsel's objection, the court imposed a five-way search condition, adding the electronics search clause "in consideration of the facts of this particular case" because Flores was "on probation in Merced for possession for sale of narcotics" and "used electronics here to facilitate [the] drug sales."

---

may satisfy its statutory duty by accepting a stipulation from counsel that a factual basis for the plea exists without also requiring counsel to recite facts or refer to a document in the record."

3

The sentencing court advised Flores per the five-way search condition: "during the term of your probation here, any law enforcement or probation officer may search you, any of your belongings, any vehicle you're in control of, your residence or any electronic devi[c]e under your control at any time day or night, with or without probable [cause]. [¶] As to electronic devices or computers, you must supply any password upon request."[3]

The court also imposed terms prohibiting Flores from using, possessing, or trafficking narcotics or dangerous drugs and requiring him to submit to "education, counseling, treatments or tests as directed by the Probation Officer including, but not limited to, urinalysis."

After Flores's counsel repeated his objections to the electronics search condition, the sentencing court explained the clause "was based upon [Flores's] actual use of the cell phone V-O-I-P in order to facilitate his drug sales." The court distinguished the "generalization that people often use cell phones to do things" from the instant offense that involved the "actual use" of a cell phone "to facilitate [the] crime," as well as a VOIP to obscure Flores's identity. Therefore, the court concluded the electronics search clause was "directly related to [Flores's] criminal activity and future criminal activity."

Flores filed a timely notice of appeal but did not obtain a certificate of probable cause.[4]

---

[3] Consistent with the court's oral pronouncement, the subsequent minute order included an "Electronic Search Clause: all electronic devices and passwords upon request," with an editorial arrow to insert the word "supply" before "passwords."

[4] Flores asserts, and the Attorney General agrees, that he may challenge the non-negotiated terms of his probation without obtaining a certificate of probable cause. (*People v. Narron* (1987) 192 Cal.App.3d 724, 730.) We concur.

## DISCUSSION

On appeal, Flores challenges the added electronics search condition as "unreasonable and unconstitutionally overbroad." In response, the Attorney General does not address the particular search condition as imposed; instead, he suggests we modify the language of the electronics search clause, which, according to the Attorney General, would render "the condition . . . constitutionally sound and related to both the underlying crime and preventing future criminality." Specifically, the Attorney General proposes that we "clarify that any search of [Flores's] electronic devices is for the purpose of ensuring that he is complying with the conditions of his probation and is limited to searches of his photos and communications via text messages, voicemail messages, call logs, e-mail accounts, and social media accounts."

On reply, Flores argues that the Attorney General's proposed modification "would not resolve the problem," and therefore, the search clause must be stricken "in its entirety." Alternatively, Flores asks us to further "modify" the Attorney General's proposed language by limiting the search clause to cell phones (as opposed to all electronic devices) in Flores's "custody *and* control" and by limiting searches to "text messages, voicemail, call logs and any and all accounts owned by [Flores] with Voice Over Internet (VOIP) or to an online Classifieds forum such as craigslist.com."

"In an appropriate case," we may modify probation conditions (*In re Malik J.* (2015) 240 Cal.App.4th 896, 901); however, we do so only to the extent "necessary to render the condition constitutional." (*In re Sheena K.* (2007) 40 Cal.4th 875, 892.) Given the integral role electronic devices and the internet played in the commission of the underlying offense, we conclude the electronics search condition ordered by the sentencing court is both

5

constitutional and reasonable, and none of Flores's arguments persuade us otherwise.

We also decline to adopt the Attorney General's proposed modifications, which, in our opinion, are neither tailored to the current circumstances nor sufficiently clear as to the permissible scope of any search.  (See *In re Sheena K.*, *supra*, 40 Cal.4th at p. 890 [probation conditions must be tailored to the circumstances and provide adequate notice of the restrictions].)  Therefore, we affirm the terms of Flores's probation without modification.

## I.  Constitutionality of the Search Clause

"Conditions of probation must foster rehabilitation and protect public safety."  (*People v. Smith* (2007) 152 Cal.App.4th 1245, 1249.)  Thus, a trial court has discretion to impose the conditions of probation it deems appropriate for a particular defendant, considering " 'the nature of the offense; the interests of justice, including punishment, reintegration of the offender into the community, and enforcement of conditions of probation; the loss to the victim; and the needs of the defendant.' " (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, quoting Pen. Code, § 1202.7.)  A trial court must also consider the recommendations of the probation department. (*People v. Welch* (1993) 5 Cal.4th 228, 234 ["the court must take the probation officer's report and recommendation into consideration" and although "not bound to accept recommendations in the probation report," courts "commonly do"].)

"Probation conditions restricting a probationer's exercise of his constitutional rights are upheld only if narrowly drawn to serve the important interests of public safety and rehabilitation, *and* if they are 'specifically tailored to the individual probationer.' " (*People v. Smith, supra,* 152 Cal.App.4th at p. 1250; see also *In re E.O.* (2010) 188 Cal.App.4th 1149,

1153 ["The essential question . . . is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement"].)  We review constitutional challenges to probation conditions under a de novo standard.  (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723.)

While "the threat of unfettered searches of . . . electronic communications" risks encroaching on a defendant's "constitutional rights of privacy and free speech" (*In re Malik J.*, *supra*, 240 Cal.App.4th at p. 902), the mere "fact that an electronics search condition may burden . . . constitutional rights does not necessarily render it invalid" (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1126 (*Ricardo P.*)).  Indeed, our Supreme Court declined to "categorically invalidate electronics search conditions," recognizing that such conditions may be proper if supported by "a sufficient factual basis" based on "the probationer's offense or personal history."  (*Id.* at p. 1128.)  Here, the electronics search clause imposed, which finds a factual basis in both the underlying offense and Flores's criminal history, furthers the legitimate purpose of rehabilitation and is sufficiently tailored because less restrictive means did not accomplish that goal.

As reflected in the probation report, Flores did not merely use a cell phone to negotiate the sale of fentanyl, he "utilized a VOIP phone number in an attempt to hide his identity," a "recognized . . . tactic used by others when selling illegal substances."  Thus, the "manner in which the crime was carried out demonstrated criminal sophistication and professionalism" on Flores's part.

7

Moreover, Flores acknowledged a drug addiction and had suffered three prior felony convictions, including a felony conviction in Merced for possession of drugs for sale, for which he was on probation at the time of the instant offense. Although "regular probation searches" of Flores's home had not uncovered "contraband," Flores's arrest and plea to another felony charge of possession of drugs for sale while on probation demonstrates the prior probation conditions were insufficient to achieve the goal of rehabilitation.

Accordingly, because the use of electronic devices was fundamental to Flores's commission of the underlying offense—Flores marketed illegal drugs through an online platform (craigslist.com) and used "an internet-based phone number" (VOIP) to hide his identity during negotiations—we reject his argument that the electronics search condition should be stricken "in its entirety."

Likewise, we are not persuaded by Flores's attempts to limit the scope of the electronics search clause. Flores argues the imposed electronics search condition impermissibly allows searches of his e-mails, photographs, social media, medical information, tax information, school records, and work computers. He goes so far as to suggest the electronics search clause "could apply to any home or office device, such as a Smart (that is, WIFI-connected) thermostat, refrigerator, or even a toothbrush." In response to the Attorney General's proposal, Flores contends that any search must be limited to devices in his "custody *and* control" and that the search condition should be further limited to his cell phone, not all electronic devices. We are not convinced.

To start, Flores fails to identify what constitutionally protected information could be contained in his toothbrush, and although Flores generally challenged the breadth of the search clause before the sentencing

court, he did not raise any specific arguments about school or work-related information or devices. Contrary to Flores's assertion on appeal, the five-way search clause, by its terms, does not authorize searches of his "workplace," and the record indicates that he completed his education in 2003. Thus, we decline to modify the search clause based on hypothetical concerns.

Further, considering the circumstances of the underlying offense, we see no problem in permitting searches of Flores's e-mail, social media, or photos, which have been found constitutionally permissible in similar circumstances. (See, e.g., *People v. Salvador* (2022) 83 Cal.App.5th 57, 64–65 [probation condition permitting searches of "text messages, voicemail messages, call logs, photographs, e-mail accounts, social media accounts . . . or applications" sufficiently tailored to pass constitutional muster]; *In re Q.R.* (2020) 44 Cal.App.5th 696, 700, 704 [condition permitting searches of " 'any text messages, voicemail messages, call logs, photographs, email accounts and social media accounts' " constitutional, given "[t]he nature of minor's crimes and their direct relationship to the use of an electronic device"].[5])

Flores's argument for excluding financial and medical records is also unconvincing. Flores admitted to the large quantity enhancement for attempting to sell 1,000 fentanyl pills for $2,400 and had suffered a prior

---

[5] Flores attempts to distinguish *Salvador* and *In re Q.R.* on the basis that Flores "is an adult defendant who is not charged with or convicted of sexual offenses against minors." However, this argument is unpersuasive because it ignores the central role of electronics in both cases: Salvador and Q.R.—like Flores—used cell phones in commission of the offenses. (*People v. Salvador, supra,* 83 Cal.App.5th at p. 62 ["The probation report stated that Salvador 'used a cellular phone to exchange social media messages with the victims' "]; *In re Q.R., supra,* 44 Cal.App.5th at p. 699 [minor used "videos and nude photographs of Doe" to extort money].)

conviction for possessing drugs for sale. Thus, permitting searches of Flores's financial information is factually supported. Likewise, Flores admitted to a fentanyl addiction and, in this appeal, does not challenge the probation condition prohibiting the use of drugs or the condition requiring him to submit to urinalysis at the direction of his probation officer. Therefore, Flores agreed to disclose at least some of his medical records as part of the negotiated plea agreement. Because the ongoing advances in electronic technology necessarily mean that any search of an electronic device, even if narrowly tailored, could result in the recovery of non-criminal and potentially personal information, "practical necessity will justify some infringement." (*In re E.O.*, *supra*, 188 Cal.App.4th at p. 1153.) We simply cannot parse between the various types of financial and medical records in the abstract, particularly in a case such as this, which involves large sums of money and narcotics that can be medically tested for and/or prescribed.

Flores's argument in favor of a "custody *and* control" limitation is based on inapposite case law. Unlike Flores's present circumstances, which involved the use of electronic devices in the commission of the offense and a search clause limited to devices "under" Flores's "control," in the cited *People v. Appleton*, *supra*, 245 Cal.App.4th at page 724, "the commission of the offense itself did not involve the use of any computer or electronic device." As such, the Court of Appeal struck as overbroad the condition permitting searches of "[a]ny" electronic "devices belonging to Mr. Appleton," which included devices "outside [Appleton's] home or vehicle, or devices not in his custody." (*Id.* at pp. 719, 721, 725.)

Similarly, Flores's use of an electronic device to commit the underlying offense also distinguishes his circumstances from *In re Malik J.*, *supra*, 240 Cal.App.4th 896, which involved a minor with a "history of robbing

10

people of their cell phones" who "might" have used his own cell phone to coordinate the robberies with his accomplices. (*Id.* at pp. 902, 905.) In that context, the Court of Appeal concluded the electronic search condition requiring Malik "and possibly his family to provide all passwords and submit to searches of electronic devices and social media sites" was not constitutionally tailored to the purpose of determining whether devices in Malik's custody or control were stolen. (*Id.* at pp. 900, 903.) Conversely here, Flores's use of electronic devices and platforms extended beyond the simple use of a cell phone to contact an accomplice, and he admitted the cell phone used to communicate with the undercover officer belonged to him. To the extent Flores seeks modification of the search clause to protect the constitutional rights of third parties, he "lacks standing." (*In re Q.R.*, *supra*, 44 Cal.App.5th at pp. 702–703.) Thus, Flores's requested limitation of searches to electronic devices within his custody "*and* control" is not sufficiently tailored to the underlying offense.

We similarly reject Flores's attempt to limit the electronics search clause to only his cell phone. Although a cell phone was directly implicated in the underlying offense, Flores did not use simply a cell phone to communicate with the undercover officer. Rather, as Flores's defense counsel argued at sentencing, he used "an internet-based phone number," which could be downloaded on any device with internet access to hide his identity. Thus, limiting the search to his cell phone would not be adequately tailored to the circumstances of this offense.

Because we conclude the electronics search clause pronounced by the sentencing court is narrowly tailored to Flores's circumstances, we decline to incorporate the Attorney General's proposed modifications, which do not further the constitutionality of the search condition. (*In re Sheena K.*, *supra*,

11

40 Cal.4th at p. 892 [we should modify only to the extent "necessary to render the condition constitutional"].)  In addition to being narrowly tailored, probation conditions " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Id.* at p. 890.)  Here, the Attorney General's proposed language injects confusion by, for example, specifically including "communications . . . and social media accounts" but not referencing websites like craiglist.com, which Flores contends "is not a social medium but rather an online Classified forum."  The proposed language also omits any reference to VOIP applications or accounts, and it is unclear whether "text messages" includes other applications or internet-based messaging platforms.

Ultimately, given the direct relationship between the offense and Flores's demonstrated use of electronic devices, the electronics search clause imposed by the sentencing court is not unconstitutionally overbroad.

## II.  Reasonableness of the Search Clause

In addition to his constitutional challenge, Flores argues that the electronics search clause runs afoul of *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), which set forth the conditions for striking a probation condition as unreasonable.  However, on reply, Flores "concedes under *Lent* . . . there is support for a *limited* electronic[s] search condition."  We agree with the sentencing court that the search condition relates to both the underlying offense and preventing future criminality and is therefore reasonable under *Lent*.

A probation condition will not be invalidated under *Lent* unless three factors are satisfied:  (1) the condition bears no relationship to the underlying crime, (2) it relates to conduct that is not in itself criminal, and (3) it requires or forbids conduct that is not reasonably related to future criminality.

12

(*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.) On appeal, we review the trial court's decision to impose a particular condition of probation for abuse of discretion. (*People v. Moran* (2016) 1 Cal.5th 398, 403.)

First, as discussed, permitting searches of Flores's electronic devices relates to the underlying offense, which involved Flores's use of craigslist.com and a VOIP telephone number to facilitate the sale of fentanyl; both require electronic devices. Flores asserts that he did not use e-mail or photographs in the commission of the underlying offense; however, *Lent* "does not require a specific connection to the *instrumentalities*" of the underlying offense. (*People v. Patton* (2019) 41 Cal.App.5th 934, 935; see also *People v. Appleton*, *supra*, 245 Cal.App.4th at p. 724 [finding condition permitting search of electronic devices was reasonable under *Lent* even though "the nexus between the offense and the probation condition [was] somewhat attenuated"].) Thus, permitting searches of Flores's electronic devices bears a reasonable relationship to the underlying offense and precludes Flores from satisfying the first *Lent* factor, thereby dooming his reasonableness challenge. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1119 ["The *Lent* test 'is conjunctive' "].)

While we need not reach *Lent*'s third prong, it is noteworthy that the probation report represents Flores admitted to using fentanyl, was on probation for another drug charge at the time of the underlying offense, and had prior gang affiliations. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122 ["courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense"].) Probation conditions permitting searches of electronic devices have been found reasonable in comparable circumstances. (See, e.g., *People v. Castellanos* (2020) 51 Cal.App.5th 267, 269, 270, 275–276 [upholding search condition that permitted "access to any electronic device, including all

13

passwords to any social media accounts and applications" where defendant pled no contest to transporting a controlled substance]; *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1172, 1176–1177 [probation condition requiring disclosure of passwords to " 'any electronic devices' " was not unreasonable where defendant pled to gang related offenses].)  Thus, Flores's challenge fails for the additional and independent reason that the ordered search clause is reasonably related to preventing future criminality.

## DISPOSITION

The judgment is affirmed.

DESAUTELS, J.

We concur:


RICHMAN, ACTING P.J.


MILLER, J.


*People v. Flores* (A171602)

15

| | |
|---|---|
| Trial Court: | Alameda County Superior Court |
| Trial Judge: | Hon. Clifford Blakely |
| Attorneys for Defendant and Appellant: | Samantha Schwartz, under appointment by the Court of Appeal |
| Attorneys for Plaintiff and Respondent: | Rob Bonta<br>Attorney General of California<br><br>Lance E. Winters<br>Chief Assistant Attorney General<br><br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br><br>Arthur P. Beever<br>Katherine Seaman<br>Deputy Attorneys General |