Filed 11/6/15  P. v. Chiang CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>SHENG HUANG CHIANG,<br><br>    Defendant and Appellant. | H040838<br>(Santa Clara County<br>Super. Ct. No. C1361412) |

Pursuant to a negotiated disposition appellant Sheng Huang Chiang pleaded no contest to one count of making a criminal threat (Pen. Code, § 422).[1]  In exchange for his no contest plea, appellant was promised a six-month county jail term (top/bottom) and the dismissal of one count of brandishing a deadly weapon other than a firearm (§ 417, subd. (a)(1)).

On March 13, 2014, appellant tried to withdraw his plea, but the court denied the motion.  Thereafter, the court placed appellant on probation for five years on various terms and conditions and imposed a six-month county jail term.  The court told appellant that he was eligible for all programs, including the electronic monitoring program.  After a discussion off the record, the court noted that the prosecutor had indicated that he was willing to have the court reduce the jail term from six months to three months.  Accordingly, the court ordered only a three-month jail term.

---

[1] All further statutory section references are to the Penal Code unless otherwise indicated.

Relevant to this appeal, the probation officer recommended the following probation conditions: "10. The defendant shall submit to chemical tests as directed by the Probation Officer. [¶] 11. The defendant shall not possess or use illegal drugs or illegal controlled substances or go anywhere he/she knows illegal drugs or non-prescribed controlled substances are used or sold." The prosecutor stated that he did not "believe there's any need for drug testing." Accordingly, the court ordered that there "will be no testing . . . ."

The prosecutor asked for "no contact with the victim and with the address." The court responded, "So there will be a no contact order with Ms. Ling . . . Chiang and the address, we're going to have you remain at least 100 yards away from the address."[2] The prosecutor informed the court of Ms. Chiang's address—1476 Goodfellow Place. The court reiterated that appellant was to "remain at least 100 yards away from that address." Nowhere in the probation officer's report is there a recommendation that appellant have no contact with Ms. Chiang.

Defense counsel objected to the chemical testing requirement and substance abuse conditions on the ground that she did not "think that's the issue here." The court asked the prosecutor for his input; he responded that he "agree[d]." The court struck condition No. 10. However, the court went on to order that appellant "not . . . possess or use illegal drugs or illegal controlled substances or go anywhere you know illegal drugs or non-prescribed controlled substances are used or sold." The court asked appellant if he agreed to the terms and conditions of probation; appellant said that he did not "completely understand." The court asked appellant, "What portion of the probation conditions did [he] not understand?" Appellant asked why he had to submit to the tests

---

[2] According to the probation officer's report, appellant lived with his sister "Ling Chen" because he suffers from mental illness. On the day of the incident underlying this case, she telephoned the police. It appears that appellant had threatened her and brandished a knife. Appellant's opening brief refers to his sister as Ms. Chiang, as did the court. We do the same.

for drug use; the court told him that he did not have to because his counsel had objected to the condition and the prosecutor agreed that the condition should not apply. Defense counsel informed the court that she would go over the conditions with appellant with the assistance of the interpreter after the court hearing was complete.

The court asked appellant if he had any other questions about the conditions of his probation. Appellant said he was not sure about the terms, but wanted to know why he could not withdraw his "erroneous plea." The court explained that his motion to withdraw his plea was based on his claim that he was not advised of his right to a jury trial and that the interpreter " '[d]id not go over each item in the waiver form word for word. Rather, the interpreter gave [him] a brief summary only.' " The court explained that the interpreter had "signed the waiver of rights form and represented to the Court that the form had been translated in the Mandarin Chinese language to [appellant] and that [he] stated that [he] understood the contents of the form, and then [he] initialled [*sic*] and signed the form." The court went on to say that the court had advised appellant of his right to a jury trial/court trial and appellant had stated that he understood and gave up the right. The court explained that it had made a decision on the motion to withdraw the plea and was not going to change it. The court continued, "The question for you is, do you understand these terms and conditions of your probation?" An off-the-record discussion ensued. Back on the record, the court indicated that it was approximately 15 to 20 minutes that the court had been off the bench, and it asked defense counsel if she had had an opportunity to review appellant's probation conditions with her client and an interpreter. Defense counsel confirmed that she had. The court confirmed with appellant that he had had enough time to go over the conditions of his probation and asked if he understood "these terms and conditions of probation[.]" Appellant responded, "Approximately, yes." The court asked appellant if he accepted the terms and conditions, he responded, "Yes, your Honor."

3

On March 18, 2014, appellant appeared before Judge Manley to report that he had enrolled in the electronic monitoring program. Judge Manley reiterated that appellant was to have no contact with "Ling Chiang." Appellant promised that he would not "contact her for the rest of [his] life."

On appeal, appellant challenges the no-contact order as unconstitutionally vague and overbroad and condition No. 11—the substance abuse condition on the ground that it lacks a knowledge requirement and bears no relationship to his past, present or future criminality.

*Discussion*

*The Applicable Law and Standard of Review*

A defendant's appellate challenge to a probation condition on reasonableness grounds is forfeited if it is not raised at the hearing where the condition is imposed. (*People v. Welch* (1993) 5 Cal.4th 228, 230.) Sentencing courts have broad discretion to impose probation conditions regulating conduct that is not itself criminal, but the conditions "must be 'reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*Id.* at pp. 233-234.) "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case." (*Id.* at p. 235.)

On the other hand, an objection based on constitutional grounds (as opposed to reasonableness grounds), such as an appellant's claim that the no contact order is vague and overbroad and that condition No. 11 is unconstitutionally vague because it lacks a knowledge requirement, is not always forfeited by the failure to raise the objection below. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) Such a constitutional challenge is not forfeited when it presents a "pure question of law." (*Id.* at p. 887.) "In common with a challenge to an unauthorized sentence that is not subject to the rule of forfeiture, a challenge to a term of probation on the ground of unconstitutional vagueness or overbreadth that is capable of correction *without reference to the particular sentencing*

4

*record developed in the trial court can* be said to present a pure question of law. Correction on appeal of this type of facial constitutional defect in the relevant probation condition . . . may ensue from a reviewing court's unwillingness to ignore 'correctable legal error.' " (*Ibid.*, italics added.) Our Supreme Court has stressed, however, that "not . . . 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.] In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." [Citation.]' [Citation.] We also emphasize that generally, given a meaningful opportunity, the probationer should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*Id.* at p. 889.)

We review constitutional challenges to probation conditions de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) However, as to all other challenges, we review a trial court's imposition of a probation condition for an abuse of discretion. (See *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121 (*Carbajal*).)

*No Contact Order*

Appellant argues that the no-contact order, which requires him to stay away from Ms. Chiang is unconstitutionally vague and overbroad. Appellant contends that he could unwittingly violate the condition if he happened to come across her in a public place, such as a grocery store, a shopping mall, or simply walking down a crowded street. He asserts that absent a knowledge requirement, this condition imposes liability upon lawful activity that is constitutionally protected and unrelated to future criminality. Further, he asserts that requiring him to stay 100 yards away from 1476 Goodfellow Place, his sister's residence, for the entire five years he is on probation does not pass constitutional

5

muster. He contends that during that time his sister may change residences making his presence at that address otherwise lawful and constitutionally protected. Appellant states that this court should modify the condition to include a knowledge requirement. Appellant makes no suggestion as to how this court should do this.

Respondent has no objection to this court's modifying the no-contact order to include express knowledge requirements. Respondent suggests that we modify the no-contact order by requiring that appellant "not knowingly have contact with Ms. [Chiang], in any manner, including face to face, through letters, electronically, or by any other medium." In addition, respondent suggests that we modify the condition to require that appellant "not knowingly come within 100 yards of Ms. [Chiang]'s residence, 1476 Goodfellow Place, or any other address to which she moves . . . during the period of probation."

As can be seen, appellant contends that the no-contact order is a condition of his probation. Appellant is correct in that it was imposed because he was granted probation. However, at the sentencing hearing, a representative from the electronic monitoring program informed the court that appellant "needs to be on G.P.S. because of the nature of his offense . . . ." The court agreed. The representative noted that there was a potential issue of a stay-away order and that G.P.S. monitoring would help enforce such an order. It was in response to this that the prosecutor asked for no contact with the victim and the address of 1476 Goodfellow Place. Only after this did the court go on to impose the other conditions as outlined in the probation officer's report. As noted, nowhere in the probation officer's report is there a recommendation for a no-contact condition of probation. Given that this case involved domestic violence, we believe the no-contact order was imposed under section 1203.097, subd. (a)(2) [criminal court protective order required in domestic violence cases involving threats].)

Accordingly, the challenged no-contact order is akin to an "obey all laws" probation condition, for which a violation of the law must be established by a

6

preponderance of the evidence. (See, e.g., *People v. Rodriguez* (1990) 51 Cal.3d 437, 442.) Since a violation of a protective order must be "willful and knowing" (§ 166, subd. (c)(1)), proof of a violation necessarily requires proof that it was knowing and willful, and therefore any knowledge requirement is implicit.

As a matter of common sense, a violation of a protective order is much less susceptible to innocent violation than probation conditions barring possession of stolen property or association with felons or gang members (which are routinely modified to require knowledge), because the status of the property or person is not always obvious. (See *People v. Freitas* (2009) 179 Cal.App.4th 747, 751 [stolen property]; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102 [felons].) In the rare case where a probationer might innocently find himself in violation of a protective order, it is quite apparent that the Penal Code requires that the probationer's conduct be willful and knowing in order to constitute a violation. The knowledge and wrongful intent requirements are so manifestly implied that to require they be expressly stated is neither logical nor necessary. Furthermore, to modify the no-contact order to require that appellant not "knowingly" come within 100 yards of 1476 Goodfellow Place is an exercise in futility since appellant used to live with his sister and is fully aware of where 1476 Goodfellow Place is located.

As to appellant's argument that the requirement that he stay 100 yards away from 1476 Goodfellow Place for the entire five years he is on probation does not pass constitutional muster because during that time his sister may change residences, we will modify the condition. Accordingly, we modify the no-contact order to state that during the time appellant is on probation appellant shall not come within 100 yards of Ms. Chiang's residence, 1476 Goodfellow Place, while she lives there or any residence to which she moves.

*Substance Abuse Condition*

Appellant contends that this court must strike the substance abuse condition, condition No. 11, entirely. In essence, he asserts that it was the judge's intent to strike condition No. 11 at the time the court struck the chemical testing requirement, condition No. 10. The record belies appellant's assertion.

Specifically, the court imposed condition No. 11. Expressly, the court stated, "you're not to possess or use illegal drugs or illegal controlled substances or go anywhere you know illegal drugs or non-prescribed controlled substances are used or sold." When the court imposed this condition neither party made any objection.

We reject appellant's argument that the court "simply misspoke[]." Although defense counsel objected to the "chemical tests and substance abuse conditions" and the prosecutor said "I agree" we note that there are indications in the probation officer's report that the court struck only condition Nos. 8 and 10; both conditions have a wavy line through them. Condition No. 11 does not.

Alternatively, appellant contends that we should strike the component of condition No. 11 that bars him from being in places where illegal drugs or non-prescribed controlled substances are used or sold because it is not reasonably related to him or his crime.

As our Supreme Court has explained, "[i]n granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to . . . section 1203.1. [Citations.] 'The court may impose and require . . . [such] reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer.' [Citation.] The trial court's discretion, although broad, nevertheless is not without limits: a condition of probation must serve a purpose specified in the statute. In addition, we have interpreted . . .

8

section 1203.1 to require that probation conditions [that] regulate conduct 'not itself criminal' be 'reasonably related to the crime of which the defendant was convicted or to future criminality.' [Citation.] As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " [Citations.]' [Citation.]" (*Carbajal*, *supra*, 10 Cal.4th at pp. 1120-1121.)

"A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. . . .' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted, superseded on another ground by Proposition 8 as stated by *People v. Wheeler* (1992) 4 Cal.4th 284, 290-295.) "The test is clearly in the conjunctive, that is, the three factors must all be found to be present in order to invalidate a condition of probation." (*People v. Balestra* (1999) 76 Cal.App.4th 57, 65, fn. 3.)

As for the part of the condition that requires that appellant not go anywhere he knows illegal drugs or non-prescribed substances are sold, appellant compares this case to *People v. Brandão* (2012) 210 Cal.App.4th 568, 574 (*Brandão* ), where this court considered whether a no-gang-contact probation condition was " *reasonably* related to a risk that defendant will reoffend." The defendant in *Brandão* pleaded no contest to possessing a controlled substance, and nothing in the record indicated that the offense was gang related. (*Id*. at pp. 570, 576.) However, in *Brandão*, the probation report stated that the defendant "had never been involved with any criminal street gangs, nor did he have any family members who associated with such groups." (*Id*. at pp. 570-571.) This court held that the trial court erred by imposing the challenged condition, because "the record divulge[d] (1) no ties between defendant and any criminal street gang, (2) no such ties involving any member of defendant's family, and (3) no criminal history showing or strongly suggesting a gang tie." (*Id*. at p. 576.)

9

Certainly, the record supports the conclusion that the part of probation condition No. 11 that is challenged here—going anywhere appellant knows illegal drugs or non-prescribed controlled substances are used or sold—has no relationship to the crime of which appellant was convicted, and it does not relate to conduct that is criminal. In short, there is no evidence in the record that illegal drugs were related to appellant's offenses.

However, a condition of probation that does not relate to the convicted crime may still be valid if it is reasonably related to prevent future criminality. (*People v. Olguin* (2008) 45 Cal.4th 375, 380.) In order to relate to future criminality, the probation condition must have some "rational factual basis . . . that defendant may commit a particular type of crime in the future." (*In re Martinez* (1978) 86 Cal.App.3d 577, 583.)

Respondent points out that the probation report shows that appellant's sister stated that appellant "suffers from mental illness and has difficulty determining what is good and what is bad"; and he "does not think things through." She described appellant as "gullible" and stated that although he has never tried any drugs in the past, while he was in county jail someone convinced him that he needed to try marijuana because it would " 'calm' him." She thought that appellant is "now under the belief that marijuana will help him." Respondent argues that "[t]he trial court's intent was clear." We are not persuaded.

There is no support in the record for the conclusion that appellant currently suffers from drug abuse issues such that allowing him to walk through areas where illegal drugs are used or sold will somehow contribute to his future criminality. His sister's concerns about her brother are entirely too speculative without any evidentiary bases to support a conclusion that appellant will seek out illegal drugs in the future. As such, the condition is not a reasonable way to ensure his compliance with the law. Common sense requires that a statement of a defendant's relative to a probation officer, without more, cannot be the sole basis for the imposition of probation conditions. To hold otherwise would

10

subject defendants to potentially unreasonable conditions that are neither "narrowly drawn" nor " 'specifically tailored to the individual probationer.' " (*People v. Smith* (2007) 152 Cal.App.4th 1245, 1250, quoting *In re Babak S.* (1993) 18 Cal.App.4th 1077, 1084 (*Babak S.*); *In re Luis F.* (2009) 177 Cal.App.4th 176, 189.) We would not expect a trial court to unwittingly impose probation conditions that impinge on a defendant's constitutional right to intrastate travel (See, *In re White* (1979) 97 Cal.App.3d 141, 148 [the right to intrastate travel, which includes intramunicipal travel, is a basic human right protected by the United States and California Constitutions as a whole]), solely predicated on a relative's unsubstantiated statement to a probation officer that a defendant is gullible, does not think things through, and thinks that marijuana will help him.

Probation conditions restricting a probationer's exercise of his or her constitutional rights are upheld only if narrowly drawn to serve the important interests of public safety and rehabilitation, *and* if they are "specifically tailored to the individual probationer." (*Babak S.*, *supra*, 18 Cal.App.4th at p. 1084.) We cannot say that the condition that appellant not go anywhere he knows illegal drugs or non-prescribed controlled substances are used or sold is specifically tailored to appellant. Accordingly, we will strike that portion of condition No. 11.

As to the remaining portion of condition No. 11—prohibiting appellant from using or possessing illegal drugs or illegal controlled substances—appellant contends that it should contain an explicit knowledge requirement.

This court considered a similar probation condition in *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*). The condition under consideration in *Rodriguez* required that the defendant " '[n]ot use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician . . . .' " (*Id.* at p. 592.) In *Rodriguez* the defendant asserted that the condition had to be modified to include an express knowledge requirement. We disagreed, concluding that a knowledge requirement was "reasonably implicit" in the probation condition. (*Id.* at p. 593.)

11

We explained that "Division 10 of the Health and Safety Code is the California Uniform Controlled Substances Act. (Health & Saf. Code, § 11000 et seq.)  Case law has construed these statutes as including implicit knowledge elements.  '[A]lthough criminal statutes prohibiting the possession, transportation, or sale of a controlled substance do not expressly contain an element that the accused be aware of the character of the controlled substance at issue ([Health & Saf.Code,] §§ 11350-11352, 11357-11360, 11377-11379), such a requirement has been implied by the courts.' "  (*Ibid.*)

Following the reasoning set forth in *Rodriguez*, we conclude that with respect to the condition prohibiting defendant from possessing or using illegal drugs or illegal controlled substances, what "is implicit is that possession of a controlled substance involves the mental elements of knowing of its presence and of its nature as a restricted substance." (*Rodriguez, supra*, 222 Cal.App.4th at p. 593.)  Therefore, no modification is necessary. [3]

*Disposition*

The judgment is modified by striking the probation condition requiring appellant not to go anywhere he knows illegal drugs or non-prescribed controlled substances are used or sold.  Further, the no-contact order is modified to read that during the time appellant is on probation appellant shall not come within 100 yards of Ms. Chiang's residence, 1476 Goodfellow Place, while she lives there, or any residence to which she moves.  As so modified the judgment is affirmed.

---

[3] Appellant acknowledges the holding in *Rodriguez* but contends that it was wrongly decided.  We decline to reconsider *Rodriguez*.

12

_____
ELIA, J.

WE CONCUR:


_____
RUSHING, P. J.



_____
PREMO, J.




*The People v. Chiang*
H040838