Filed 3/6/23  P. v. Rose CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>KENNETH LEE ANDERSON ROSE,<br><br>     Defendant and Appellant. | A163099<br><br>(Humboldt County<br>  Super. Ct. No.<br>  CR2002193) |

Kenneth Lee Anderson Rose was convicted of multiple offenses, including drug trafficking (Health & Saf. Code, § 11352, subd. (a)), and received a sentence of county jail followed by a period of mandatory supervision (§ 1170, subd. (h)(5)(B)).  He contends (1) a condition of his mandatory supervision, prohibiting him from leaving Humboldt County without the permission of his supervision officer, is unreasonable and unconstitutional; (2) another condition, that he not associate with any person using or trafficking in controlled substances, is unconstitutionally vague and overbroad; and (3) his presentence credits were miscalculated.

We will modify the condition prohibiting appellant from associating with drug users and traffickers, such that he will not be in violation unless he knows the person is a drug user or trafficker of a controlled substance.  We will also modify his credits by adding a day of custody credit and two days of conduct credits.  With these modifications, the judgment will be affirmed.

1

# I. FACTS AND PROCEDURAL HISTORY

The Humboldt County District Attorney filed an information charging appellant with two counts of transportation of heroin for sale (Health & Saf. Code, § 11352, subd. (a)—Counts 1 and 2) and one count of possession of metal knuckles (Pen. Code, § 21810— Count 3).[1]  The information further alleged that he possessed 14.25 grams or more of heroin for sale as to Count 1 (see former § 1203.07, subd. (a)(2)), he committed Count 2 and Count 3 while released on bail or on his own recognizance (§ 12022.1, subd. (b)), and he had two prior felony convictions (§ 1203, subd. (e)(4)).  The matter proceeded to a jury trial.

## A.  Evidence at Trial

In May 2020, officers surveilled a residence that was the subject of a search warrant.  When appellant, who was also named on the warrant, left the residence on foot, officers followed him to another house.  When he left that house, officers informed appellant of the search warrant, handcuffed him, and searched him, finding a Ziploc bag containing a digital scale, a baggie holding 33.47 grams of heroin, and a baggie of 28.17 grams of heroin, which is significantly more than a usable quantity.

In January 2021, officers surveilled the residence of appellant, who by that time had a warrant for his arrest.  When he left the residence, he was detained and notified of the arrest warrant.  Officers searched appellant's person and found a cell phone, metal knuckles, and a plastic baggie containing 23.90 grams of raw heroin.

---

[1]     Unless otherwise indicated, all statutory references hereafter are to the Penal Code.

B. Jury Verdict and Sentence

The jury convicted appellant on all counts as charged. The trial court found the drug and bail-related enhancement allegations true.

Appellant was sentenced to the upper term of five years on Count 1, a consecutive term of one year four months on Count 2 plus two years for the bail enhancement, and a concurrent two-year term on Count 3. Appellant's aggregate sentence of eight years four months was split between three years in local custody and five years four months on mandatory supervision. (§ 1170, subd. (h)(5)(B).) As discussed *post*, the court imposed conditions on appellant's mandatory supervision, including that appellant "not leave his county of residence without permission of the supervision officer" and not "associate with any person using or trafficking in controlled substances." The court awarded appellant presentence credits.

C. Appeal

This appeal followed. We stayed the appeal and remanded the matter to the trial court for the limited purpose of resentencing appellant pursuant to Senate Bill No. 73, which made appellant eligible for probation (Stats. 2021, ch. 537, §§ 1 & 3; § 1203.07), and Senate Bill No. 567, which changed the requirements for imposing an upper term sentence (Stats. 2021, ch. 731, § 1.3; § 1170, subd. (b)).

On remand in May 2022, the trial court declined to grant probation to appellant due to his criminal history. Pursuant to Senate Bill No. 567, the court resentenced appellant to the middle term of four years on Count 1. This reduced appellant's overall sentence to seven years four months, split between three years of custody and four years four months of mandatory supervision.

## II. DISCUSSION

### A. Condition Requiring Permission to Travel

Appellant contends the condition that he "shall not leave his county of residence without permission of the supervision officer" is unreasonable, is unconstitutionally overbroad, and infringes upon his constitutional rights of freedom of travel, association, and assembly.

#### 1. Forfeiture

Respondent contends appellant forfeited his challenge by not objecting to the imposition of the supervision condition in the trial court. The failure to challenge such a condition may result in forfeiture. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*) [probation condition].) Appellant argues that the issue pertains purely to a question of law, asks this court to "exercise its inherent authority to reach these issues in the interests of justice," and contends his trial attorney was ineffective for failing to object. Because we would need to consider the propriety of the supervision condition to evaluate his ineffective assistance claim anyway, we proceed to the merits of his arguments. (*People v. Williams* (2000) 78 Cal.App.4th 1118, 1126.)

#### 2. Reasonableness Under *Lent*

A defendant serving a period of mandatory supervision "shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation." (§ 1170, subd. (h)(5)(B).) Mandatory supervision conditions are thus evaluated under the standard for the validity and reasonableness of probation conditions. (*People v. Bryant* (2021) 11 Cal.5th 976, 983–986.) We review for an abuse of discretion. (*Id.* at p. 991.)

"A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to

4

conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) Because all three *Lent* factors must exist for the condition to be invalid, a condition lacking a relationship to the underlying conviction and involving conduct that is not itself criminal may still be upheld if it is a reasonable and proportional means of deterring future criminality. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122 (*Ricardo P.*); *People v. Olguin* (2008) 45 Cal.4th 375, 379–380.)

Here, appellant's travel approval condition is reasonably and proportionately related to deterring appellant's future criminality and facilitating his rehabilitation in "more than just an abstract or hypothetical" way. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1121.)

First, the record shows there is a substantial risk that appellant will reoffend due to his ongoing drug problem, a lengthy criminal record, and a history of noncompliance with probation and supervision. According to appellant's static risk assessment, his recidivism "risk level is high." Between 1999 and 2021, he amassed three juvenile adjudications and 23 criminal convictions (including the current ones), comprised of six felony convictions and 17 misdemeanor convictions, a majority of which are related to theft and drugs. He repeatedly violated the terms of his community supervision and refused to participate in drug treatment programs. According to the probation report, his prior performance on probation was "dismal," having committed 18 probation violations resulting in the revocation and termination of his probation four times. During a term on mandatory supervision in 2018, he reported to the Community Corrections Resource Center only once and sustained four supervision violations over a two-year period before his term was revoked and terminated. Indeed,

5

appellant committed Count 1 in this case three months before his prior mandatory supervision was terminated and committed Count 2 and Count 3 while out on bail for the first drug trafficking charge in Count 1.

In light of his criminal history, involvement with drugs, past failure on supervision, and threat of recidivism, it was not unreasonable to conclude that appellant needs close supervision and increased accountability to facilitate his rehabilitation. Requiring appellant to obtain permission for any out-of-county travel is consistent with keeping the probation officer informed of his whereabouts for purposes of effective supervision and monitoring.

Second, appellant's current convictions for distribution of heroin implicate public safety concerns. Although appellant committed the offenses within Humboldt County, the state has a legitimate interest in controlling the proliferation of heroin by placing a reasonable limitation on a convicted drug trafficker's ability to travel freely outside his county of residence. (See *People v. Relkin* (2016) 6 Cal.App.5th 1188, 1195 (*Relkin*) [condition requiring written permission before leaving the state was reasonably related to preventing future criminality under *Lent*, where defendant was convicted of crimes involving the sale and transportation of controlled substances and "[t]here is a direct relationship between the sale and transport of drugs and the exercise of the right to travel"].)

Third, the challenged condition does not *ban* appellant's travel outside Humboldt County—it merely requires appellant to obtain permission from his supervision officer before he leaves. Nothing in the record suggests permission would be unreasonably withheld.

Fourth, appellant has not pointed to anything in the record suggesting he has any need or desire to venture outside of Humboldt County. There is no indication he has friends, family, or work opportunities outside of the

6

county. As he states repeatedly in his briefs, he has lived in Humboldt County nearly his entire life. The only cited indication in the record that he left the county was that he was convicted for two crimes in 2015 for resisting arrest and driving with a suspended or revoked license. Neither appellant nor his defense attorney objected to the condition or offered any hint that it would pose any burden to appellant whatsoever. And if circumstances change such that asking permission to travel outside the county proves burdensome, he may seek modification of the condition in the trial court. (§ 1170, subd. (h)(5)(B) [supervision may be modified pursuant to §§ 1203.2 and 1203.3].)

In short, the record reflects a degree of proportionality between the legitimate interests served by the condition and the burden it imposes. (*Ricardo P.*, *supra,* 7 Cal.5th at p. 1122.) Appellant fails to show that the court abused its discretion in concluding that the protective and rehabilitative concerns reflected in the record justify the temporary and reasonable restriction imposed on his ability to travel outside of Humboldt County.

Appellant argues that the "travel restriction does nothing to aid probation in monitoring whether [appellant] is complying with" the conditions of his supervision conditions. As explained *ante*, however, the condition contributes to the supervision that he has demonstrated he needs and, combined with the other supervision conditions, serves to deter recidivism and future criminality. Appellant further argues that there is no evidence he is more likely to commit crimes if he goes outside the county. But deterring criminality is facilitated not only by limiting a supervisee's access to areas where he is more likely to commit crimes, but also by aiding the supervision officer in the task of keeping tabs on serious recidivist

7

supervisees, such as appellant, who have failed on mandatory supervision in the past.

The cases on which appellant relies are distinguishable. In *Ricardo P.*, *supra*, 7 Cal.5th 1113, the court invalidated an electronics search condition that imposed a burden substantially disproportionate to the goal of monitoring and deterring the minor's drug use. (*Id.* at pp. 1119, 1124, 1128.) The warrantless search of a cell phone, exposing sensitive and private information without any temporal limitations, plainly raises privacy concerns not present here. (*Id.* at p. 1127.)

*People v. Smith* (2007) 152 Cal.App.4th 1245 involved a probation department's regulation prohibiting all registered sex offenders from leaving the county for any purpose whatsoever, without regard to their performance on probation or the reason they might need to leave. (*Id.* at pp. 1247, 1251–1252.) The supervision condition here, by contrast, is not an outright ban.

In *People v. Soto* (2016) 245 Cal.App.4th 1219 (*Soto*), the court held that a probation condition requiring the defendant to obtain permission to change his county of residence or to leave the state was unreasonable under *Lent* because it had no relation to the underlying crimes of driving under the influence and driving with a suspended license, and because it had no relation to future criminality since nothing indicated that his living situation contributed to his crime or "that leaving Monterey County or the State of California would have an effect on defendant's rehabilitation." (*Id.* at p. 1228.) This case is distinguishable. In *Soto*, the defendant's convictions were for drunk driving and driving with a suspended license; here, appellant's current convictions are for trafficking heroin, as well as other attendant offenses. Moreover, while the defendant in *Soto* did have prior

8

convictions (*id*. at p. 1225), there is no indication that his recidivism and criminal history were as extensive as appellant's.

### 3. Constitutional Issues

Appellant contends the travel restriction is overbroad and infringes his constitutional rights of freedom of travel, association, and assembly. We review his constitutional challenge de novo. (*People v. Brand* (2021) 59 Cal.App.5th 861, 867.)

In assessing overbreadth, the key question is the " ' "closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." ' " (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.) As a general rule, a probation condition is not overbroad if it burdens no constitutionally protected right more than necessary to protect a significant governmental interest. (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1120.)

As to his constitutional challenges, the right to travel "is not absolute and may be reasonably restricted in the public interest." (*Relkin, supra,* 6 Cal.App.5th at p. 1195 [upholding mandatory supervision condition requiring probation officer's permission before leaving the state, noting it did not bar such travel altogether]; see *People v. Thrash* (1978) 80 Cal.App.3d 898, 902 [upholding probation condition that the defendant not "leave town" without prior approval].) Similarly, the right to associate " 'may be restricted if reasonably necessary to accomplish the essential needs of the state and public order.' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 627–628.)

Appellant fails to demonstrate that the travel restriction is overbroad or that his constitutional rights have been violated. Requiring appellant to

9

obtain his supervision officer's permission before leaving the county poses a reasonable limitation on his ability to travel that will assist the officer in supervising him. The condition merely requires notice to and approval from the officer, rather than prohibiting out-of-county travel, association, or assembly altogether. (Cf. *In re White* (1979) 97 Cal.App.3d 141, 144–147 [outright travel ban was overly broad]; *Smith*, *supra*, 152 Cal.App.4th at pp. 1251–1253 [blanket regulation prohibiting *all* registered sex offenders from leaving county for any period of time and for any reason was not narrowly tailored to defendant's circumstances].) Nor does the record suggest that appellant has any need or desire to leave the county and associate or assemble with anyone there for a lawful purpose.

Appellant's reliance on *People v. Bauer* (1989) 211 Cal.App.3d 937 (*Bauer*) is misplaced. There, the reviewing court struck a probation condition requiring the defendant's place of residence to be approved by the probation officer, thus effectively precluding him from living with or near his parents. (*Id*. at pp. 943–945.) The defendant had no prior criminal history, and the record did not suggest that his home life either contributed to the misdemeanors for which he was convicted or was reasonably related to future criminality. (*Id*. at p. 944.)

Here, unlike the condition in *Bauer*, the travel restriction does not separate appellant from his parents or his home. Nor does it dictate where he lives. And unlike the defendant in *Bauer*, appellant has an extensive criminal record, he has a history of committing new offenses while on probation or mandatory supervision, he perpetrated crimes outside his home county, and he was assessed as having a high risk to reoffend given his criminal history and drug issues. Under these circumstances, appellant's

10

supervision condition is narrowly tailored to accomplish the state's interest in his rehabilitation and public safety. Appellant fails to demonstrate error.

B. <u>Condition Not to Associate with Drug User or Trafficker</u>

A condition of appellant's supervision states: "Defendant shall not traffic in controlled substances nor associate with any person using or trafficking in controlled substances." Appellant contends the condition is unconstitutionally vague and overbroad because it does not require that he know the person is a drug user or trafficker, and the condition must be modified to include an express knowledge requirement. Respondent agrees that it should be modified, as do we.[2]

A condition of mandatory supervision " 'must be sufficiently precise for the [supervisee] to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A . . . condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

"California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have knowledge of the prohibited conduct or circumstances." (*People v. Kim* (2011) 193 Cal.App.4th 836, 843 (*Kim*).) When a condition restricts the right of association with persons based on a status that may not be readily apparent (e.g., probationer, parolee, gang member, drug user,

---

[2] Although appellant did not object when the trial court imposed the condition , respondent acknowledges that the constitutional vagueness and overbreadth challenges are cognizable on appeal. (Citing *Sheena K.*, *supra,* 40 Cal.4th at p. 887.)

11

minor), the condition must include an explicit knowledge element. (*Id*. at pp. 844–845; see *People v. Moore* (2012) 211 Cal.App.4th 1179, 1185.)

Reviewing courts have modified conditions accordingly. (See e.g., *In re H.C.* (2009) 175 Cal.App.4th 1067, 1071–1072 [condition prohibiting association " 'with any known probationer, parolee, or gang member' " modified to " 'any person known to you to be on probation, on parole or a member of a criminal street gang' "]; *In re Vincent G.* (2008) 162 Cal.App.4th 238, 245–247 [condition prohibiting association " 'with any known gang member' " modified to " 'with any person whom you know, or whom the probation officer informs you, is a gang member' "]; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102–103 [condition prohibiting association "with users and sellers of narcotics, felons and ex-felons" modified to "with persons he knows to be users or sellers of narcotics, felons or ex-felons"]; *People v. Turner* (2007) 155 Cal.App.4th 1432, 1435–1436 [probation condition requiring that defendant " '[n]ot associate with persons under the age of 18 unless accompanied by an unrelated responsible adult' " modified to read: " 'Not associate with persons he knows or reasonably should know to be under the age of 18 unless accompanied by a responsible adult unrelated to defendant.' "].)

Here, the parties agree the condition should be modified but do not agree on the modification. Respondent proposes that the condition, which currently prohibits appellant's association "with any person using or trafficking in controlled substances," be modified to prohibit association "with any person that *he knows or reasonably should know* is using or trafficking in controlled substances." (Italics added.) Appellant requests that it be modified so that it prohibits his association "with any person *he knows* to be a user or trafficker of controlled substances." (Italics added.) Appellant's

12

proposal to include an *actual* knowledge requirement is in line with the majority of cases cited by the parties, including *People v. Garcia, supra,* 19 Cal.App.4th at pp. 102–103, which pertained to associating with users and sellers of narcotics. We will therefore modify appellant's supervision condition to read: "Defendant shall not traffic in controlled substances nor associate with any person he knows to be a user or trafficker of controlled substances."

### C. Presentence Credits

Appellant contends the court erred in calculating his presentence credits. (See § 2900.5, subd. (a), § 4019.) Respondent agrees, explaining as follows.

Appellant was arrested on January 27, 2021, and sentenced 161 days later on July 6, 2021. However, the trial court awarded him only 160 days of custody credits, plus 160 days of conduct credits, for a total of 320 days of presentence credits. This miscalculation was then used to calculate appellant's credits after he was resentenced on May 27, 2022. The abstract of judgment indicates he received credit for 485 actual days of custody and 484 days of local conduct credits, for a total of 969 days. He should have received credit for 486 actual days of custody—for the actual days he spent in custody from the time he was arrested on January 27, 2021, until he was resentenced on May 27, 2022—and 486 days of local conduct credits, for a total of 972 days of credit. Therefore, appellant is entitled to an additional one actual day of custody credit and two days of conduct credits.

Generally, the correction of presentence credits should be sought by a motion in the trial court. (§ 1237.1.) Where, as here, the error lies in a mere arithmetic calculation, it is more efficient for this court to resolve the matter. (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764; see *People v. Duran* (1998)

13

67 Cal.App.4th 267, 270.) Pursuant to the agreement of the parties, we will modify the June 2022 abstract of judgment to reflect an award of 486 days of custody credits and 486 days of conduct credits for a total of 972 days of credit for time served.

## III. <u>DISPOSITION</u>

The mandatory supervision condition prohibiting appellant's association "with any person using or trafficking in controlled substances" is modified to prohibit appellant's association "with any person he knows to be a user or trafficker of controlled substances." The June 2022 abstract of judgment is modified to reflect an award of 486 days of custody credits and 486 days of conduct credits for a total of 972 days of credit for time served. With these modifications, the judgment is affirmed. The superior court is directed to prepare an amended abstract of judgment consistent with this opinion.

_____

Wiseman, J. *

We concur:

_____

Simons, Acting P.J.

_____

Burns, J.

*People v. Anderson Rose* / A163099

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.